**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **JEREMY KERR**, | CASE NO. 3:26 CV 774 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **BRUCE WINTERS, et al.,** | |
| Defendants. | **ORDER OF DISMISSAL** |

*Pro se* Plaintiff Jeremy Kerr filed this action against 25 defendants, including numerous judicial officers, concerning state court proceedings involving Plaintiff. (Doc. 1). Plaintiff also filed an Application to Proceed *In Forma Pauperis* ("IFP") (Doc. 2). The Court finds the IFP Application, however, is implausible on its face.

Plaintiff reports in his Application that he has a minor child who relies on him for support and he paid, or is willing to pay, $5,000.00 for costs and attorney fees in conjunction with this lawsuit. *Id.* at 3, 5. However, for the remainder of the Application, Plaintiff filled all of the blanks with "$0.00" or "N/A," suggesting he has no assets, no debt, no income or support of any kind; and no living expenses including food, shelter, or utilities. *See id.* at 1-5. Plaintiff lists an address in his complaint in Rudolph, Ohio as his residence, yet he offers no explanation of how he is able to live in this residence if he does not own it, does not rent it, is not living with another person who rents or owns it, and is receiving no support of any kind from anyone else. *See id.* Further, Plaintiff lists a phone number on his IFP application, which suggests he has utility expenses, yet he fails to disclose this expense to the Court or disclose a means of support or a source of income to address this expense. *See id.* at 5. Additionally, Plaintiff fails to provide how he supports his child or has

paid (or will pay) for the costs of this litigation. And it is inconceivable that Plaintiff does not purchase food or obtain food assistance from another source.

Plaintiff signed the Application "under penalty of perjury," attesting that the information in the IFP was true and correct, and with the understanding that a false statement may result in a dismissal of his claims. *See id.* at 1. At best, Plaintiff has failed to make a sincere attempt to properly complete the IFP Application. Construed less generously, it appears the Application was not completed truthfully.

Pursuant to 28 U.S.C. § 1915, the Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status "does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the plaintiff is required to demonstrate via affidavit that "because of his poverty," the applicant cannot both pay the filing fee and continue to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Givens v. Shadyside Police Dep't*, 2023 WL 3089066, at *5 (S.D. Ohio) ("[A] litigant [has] an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate he should be granted [IFP] status."), *report and recommendation adopted*, 2023 WL 3868394.

Proceeding IFP is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). And the decision to grant or deny an application to proceed IFP "lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Upon review, the Court finds Plaintiff has not provided the Court with credible or plausible information regarding his assets, income, debts, expenses, and other factors bearing upon his ability to pay the filing fee. Without that information, the Court has no basis upon which it can fulfill its obligation to assess his indigent status and must therefore deny the application. *See Liggins v. Am. Elec. Power Co.*, 2008 WL 2491749, at *2 (S.D. Ohio) (denying motion to proceed IFP on appeal where plaintiff failed to provide the court with adequate information to determine if she lacks the financial resources to pay the filing fee); *see also Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002) (citation omitted) (finding the district court acted within its discretion in denying plaintiff's IFP application where plaintiff did not identify his securities with particularity or offer a credible estimate of their value).

For the foregoing reasons, good cause appearing it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* be, and the same hereby is, DENIED and this action is DISMISSED without prejudice. Should Plaintiff wish to proceed in this action, he may move the Court to reopen this case within thirty (30) days of the date of this Order by paying the full filing fee of $405.00 and filing a Motion to Reopen the case. Such motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid and a Motion to Reopen has been granted. And it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2026

3