**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JEREMY KERR,** | CASE NO. 3:26 CV 774 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **BRUCE WINTERS, et al.,** | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

### INTRODUCTION

*Pro se* plaintiff Jeremy Kerr filed this fee paid civil rights action under 42 U.S.C. § 1983 (Doc. 1).[1] The Complaint challenges his 2012 conviction for two counts of theft in Ottawa County Court of Common Pleas Case No. 2012-CR-028. *See id.*

In this Complaint, Plaintiff names as defendants 25 individual government or judicial officers connected to his state criminal proceedings, including: "John Doe" Nye, the Ottawa County Deputy Sheriff who investigated Plaintiff's criminal case; Ottawa County Sheriff Stephen Levorchick; former Ottawa County Prosecutor Mark Mulligan; current Ottawa County Prosecutor James Van Eerten; Ottawa County Assistant Prosecuting Attorneys David Boldt and Barbara Galle Rivas; Ottawa County Court of Common Pleas Judge Bruce Winters, who presided over Plaintiff's criminal proceedings; Sixth District Court of Appeals Judges Mark Pietrykowski, Thomas Osowik, Jr., Stephen Yarbrough, Gene Zmuda, and Christine Mayle, who participated in Plaintiff's

---

1. Plaintiff paid the filing fee after the Court denied his Motion to Proceed *In Forma Pauperis*. *See* Docs. 3, 4.

1

appeal; former Ohio Supreme Court Justices Judith Lanzinger, Terrence O'Donnell, William O'Neill, "John Doe" Pfeifer, Judith French, Michael Donnelly, and Melody Stewart; former Ohio Supreme Court Chief Justice Maureen O'Connor; current Ohio Supreme Court Justices Patrick Fischer, R. Patrick DeWine, and Jennifer Brunner; current Ohio Supreme Court Chief Justice Sharon Kennedy; and former Ohio Attorney General Dave Yost. *Id.* at 5-9. Plaintiff states that all named Ohio Supreme Justices and Chief Justices, current and former, participated in legal proceedings connected to Plaintiff's state criminal proceedings in the 2012 Ottawa County Common Pleas theft convictions. *See id.*

For relief, Plaintiff requests the Court declare Ohio Revised Code § 2913.02 (Ohio's general theft statute) unconstitutional, declare the judgment of conviction in Ottawa County Court of Common Pleas Case No. 2012-CR-028 void, and declare "the appellate judges' inference that Kerr had intent to deprive unless he performed a significant amount of work under the contract is an unconstitutional presumption of intent to deprive." *Id.* at 47 (capitalization altered). Plaintiff also requests monetary relief. *Id.*

## BACKGROUND

On February 23, 2012, Kerr was charged with one count of theft in violation of Ohio Revised Code § 2913.02(A)(2) (theft beyond the consent of the owner) and one count of theft in violation of Ohio Revised Code § 2913.02(A)(3) (theft by deception). *State of Ohio v. Kerr*, No. 2012-CR-028 (Ottawa Cnty. Ct. C.P.) (filed Feb. 23, 2012); (Doc. 1, at 20). He was tried by a jury and convicted on both counts. *See Kerr*, 2012-CR-028; (Doc. 1, at 22). Judge Winters sentenced Kerr to 30 months in prison on each count, to be served consecutively. (Doc. 1, at 22). Kerr appealed his conviction and sentence to the Sixth District Court of Appeals, and on June 5, 2015, the court of appeals affirmed Kerr's conviction. *State v. Kerr*, 2015 WL 3614222 (Ohio Ct. App.).

2

On April 1, 2026, Plaintiff filed this action in which he again challenges his conviction in Ottawa County Court of Common Pleas Case No. 2012-CR-028. He asserts eighteen claims. In his first three claims for relief, Plaintiff seeks declaratory judgments:[2]

**Count One** – "Kerr seeks a Declaratory Judgment declaring Ohio Revised Code 2913.02 Unconstitutionally Vague and/or Void-for-Vagueness, as applied in a contract dispute, or as applied to Kerr's specific conduct."

**Count Two**– "Kerr seeks Declaratory Judgment declaring Judge Winters' Judgment of Conviction and Sentence against Jeremy Kerr in Ottawa County case no 2012-CR-028 is void ab initio for lack of subject matter jurisdiction."

**Count Three** – "Kerr seeks a Declaratory Judgment declaring the Appellate Judges' inference that Kerr had intent to deprive unless he performed a significant amount of work under the contract is an Unconstitutional Presumption of Intent to Deprive."

(Doc. 1, at 24-28). In Counts Four through Seven, Plaintiff asserts claims for wrongful incarceration (all Defendants); malicious prosecution (Nye, Mulligan, and Boldt); reckless, wanton, and willful misconduct (Nye, Mulligan, Boldt Van Eerten, and Rivas), and intentional infliction of emotional distress (Nye, Mulligan, Boldt, Van Eerten, and Rivas). *Id.* at 28-34. In Counts Eight through Twelve, Plaintiff challenges the trial court proceedings:

**Count Eight –** Due Process Violation (Right to Acquittal)

**Count Nine –** Due Process Violation (Subject Matter Jurisdiction). "Judge Winters issued a judgment of conviction and sentence against Kerr without subject matter jurisdiction."

**Count Ten** – Due Process Violation (Other Acts Testimony)

**Count Eleven** – Due Process Violation (Prosecutorial Misconduct)

**Count Twelve** – Due Process Violation (Double Jeopardy)

---

2. The Court has modified capitalization and formatting from Plaintiff's Complaint and only briefly summarizes each cause of action.

*Id.* at 34-40. In Count Thirteen, Plaintiff alleges the appellate court's decision affirming his conviction constituted a violation of the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 40-41. Plaintiff next asserts the judicial defendants committed reckless, wanton, and willful misconduct (Count Fourteen) and intentional infliction of emotional distress (Count Fifteen). *Id.* at 41-44. Count Sixteen asserts a claim for civil conspiracy against all Defendants. *Id.* at 44. Counts Seventeen and Eighteen assert *Monell* claims against Prosecutor Van Eerten and Sheriff Levorchick. *Id.* at 45-46.

## STANDARD OF REVIEW

A district court must construe a *pro se* complaint liberally and hold it to a less stringent standard than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A district court, however, may conduct a limited screening and dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## DISCUSSION

Plaintiff indicates he is not challenging his judgment of conviction, rather he is challenging the statute under which he was convicted—Ohio Revised Code § 2913.02. *See* Doc. 1, at 4. However, Plaintiff is essentially challenging his underlying conviction by challenging the Ohio statute. For this reason, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's Complaint is an attempt to vacate his conviction in Ottawa County Court of Common Pleas Case No. 2012-CR-028. To that extent, Plaintiff cannot obtain such relief in a civil rights action. When an individual convicted of a crime challenges "the very fact or duration of his

4

physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Further, to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A person convicted of a crime may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (extending *Heck* in an action seeking declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (extending *Heck* in an action seeking injunctive relief intertwined with damages); *Wilson v. Kinkela*, 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, all of Plaintiff's claims directly challenge the legality of his conviction. And a favorable judgment on those issues from this Court, including a finding that Ohio Revised Code § 2913.02 is unconstitutional, would necessarily invalidate Plaintiff's conviction. There is no suggestion in the Complaint, however, that Plaintiff's conviction has been set aside or his sentence has been invalidated in any of the ways articulated in *Heck*. Indeed, the Ohio Court of Appeals affirmed Plaintiff's conviction. *See Kerr*, 2015 WL 3614222. Plaintiff's Complaint must therefore be dismissed. *See Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87) (stating in the absence of a showing that the state court conviction was reversed on

5

direct appeal or otherwise declared invalid, any complaint for damages must be dismissed); *see also Hajdin v. Ohio*, 2022 WL 16695205, at *3 (N.D. Ohio) (finding the plaintiff's challenge to the constitutionality of an Ohio statute under which plaintiff was convicted was a collateral attack on his conviction, and thus barred by *Heck*); *Avery v. Perrysburg Mun. Ct. Prosecutor*, 2005 WL 1593676, at *1-2 (N.D. Ohio) (finding a plaintiff's challenge to the constitutionality of an Ohio statute under which he was convicted barred by *Heck*, as a judgment on the merits of his claims would affect the validity of his conviction).

Moreover, even if Plaintiff could assert these claims in a civil rights action, the statute of limitations for bringing claims under Section 1983 has long ago expired. Ohio's two-year statute of limitations for bodily injury applies to Section 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Here, Plaintiff was convicted and sentenced in 2013, and the Sixth District Court of Appeals affirmed his conviction in 2015. Plaintiff filed this action in 2026, 11 years after his conviction was affirmed. Plaintiff's civil rights claims, to the extent he can raise them, are therefore time-barred. *Hajdin*, 2022 WL 16695205, at *3 (finding plaintiff's claim that a statute under which he was convicted was unconstitutional was barred by both *Heck* and the statute of limitations, stating "[i]f . . . it is clear from the face of the [p]laintiff's Complaint that relief is barred, the Complaint may be dismissed, *sua sponte*, at the screening stage.") (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

### Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's action be, and the same hereby is, DISMISSED pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

6

decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2026